**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JOSE MANUEL ABADIN PEREZ,

Petitioner,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondent.

Case No. EDCV 26-4779 PVC

**MEMORANDUM DECISION AND ORDER GRANTING PETITION AND IMMEDIATE RELEASE**

## I. INTRODUCTION AND PROCEDURAL BACKGROUND

Petitioner Jose Manuel Abadin Perez ("Petitioner"), filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), against Respondent U.S. Immigration and Customs Enforcement on August 20, 2026. (Pet., Dkt. No. 1). The Petition states that Petitioner, a citizen of Cuba, has been in immigration custody since August 3, 2026. (*Id.* at 4).[1] Petitioner is currently detained at the

[1] For ease of reference, when referring to the filings, the Court uses page numbers generated by CM/ECF. These numbers are printed in a blue ribbon at the top of each page filed on the docket.

Adelanto ICE Processing Facility in Adelanto, California. (*Id*. at 1).

On August 21, 2026, the Court issued the Notice of General Order 26-05 and Briefing Schedule. (Dkt. No. 4). Therein, the Court "direct[ed] Respondent to show cause why the writ of habeas corpus should not be granted," and set an expedited briefing schedule on the Petition. (*Id.* at 1–2).

On August 28, 2026, Respondent filed a Notice of Intended Removal and Response to Petition, informing the Court that on August 24, 2026, ICE informed Petitioner that ICE intends to remove him to Mexico and arguing that "the Petition does not state a valid claim for release." (Dkt. No. 8 at 2).

On August 31, 2026, Petitioner filed an *Ex Parte* Application for a Temporary Restraining Order and/or a Preliminary Injunction, seeking an order barring Petitioner's removal from the United States to any nation other than Cuba during the pendency and review of the Petition. (Dkt. No. 9 at 2). On that same day, the previously assigned District Judge ordered Respondent to respond to the *ex parte* application by September 3, 2026. (Dkt. No. 10). On September 4, 2026, the previously assigned District Judge entered an order noting that Respondent did not file a timely response to the *ex parte* application and granting the application based on Respondent's failure to timely respond. (Dkt. No. 13). The Court issued a preliminary injunction enjoining Respondent from removing Petitioner from the United States to any nation other than Cuba during the pendency of this action. (*Id.* at 2).

On September 10, 2026, Petitioner filed an "Amended Petition for Writ of Habeas Corpus; Declaratory and Injunctive Relief." (Dkt. No. 14). The Amended Petition alleges that his detention violates 8 U.S.C. § 1231(A)(6), Due Process under the Fifth Amendment, and statutory withholding and convention against torture protections in

connection with third country removal. (*Id.* at 10–21). The Petition seeks relief in the form of an order requiring that Respondent immediately release Petitioner under reasonable conditions of supervision; enjoining Respondent from re-detaining Petitioner without first providing him constitutionally adequate process and establishing a lawful basis for renewed detention consistent with the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001); declaring that the August 24, 2026 Notice of Removal, standing alone, does not provide Petitioner constitutionally adequate process for removal to Mexico because it does not inform him of the legal basis for the designation, the timing of the proposed removal, or the procedures through which he may seek withholding or CAT protections as to Mexico; permanently enjoining Respondent from removing Petitioner to Mexico or another third country not identified in the operative exclusion and deportation order, unless and until Respondent provides constitutionally adequate notice and a meaningful opportunity to consult counsel and pursue any applicable withholding, CAT, reopening, or other country specific protection before removal; and awarding Petitioner his costs. (*Id.* at 21–22).

On September 10, 2026, also, Petitioner filed a Consent to Proceed before the undersigned Magistrate Judge. (Dkt. No. 15). On September 21, 2026, the District Judge approved the parties' consent to the Magistrate Judge. (Dkt. No. 16).

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), Petitioner was entitled to amend his Petition once as a matter of course no later than 21 days after service of the Answer. The Answer was served on August 28, 2026. (Dkt. No. 8). Therefore, the Amended Petition, which was filed 13 days later, on September 10, 2026, was properly filed without leave of Court. (Dkt. No. 14). Respondent was required to respond to the Amended Petition within 14 days after service of the Amended Petition, or by September 24, 2026. Fed. R. Civ. P. 15(a)(3).

Respondent has neither responded to the Amended Petition nor sought an extension of time to do so. (*See generally* Court Docket).

The Court has reviewed the unrebutted Amended Petition. For the reasons discussed below, the Amended Petition for Writ of Habeas Corpus is GRANTED.

## II. FACTUAL BACKGROUND

Petitioner is a non-citizen and a native of Cuba presently detained at the ICE detention facility in Adelanto, California. (*See* Dkt. No. 1 at 1). He has been in immigration custody since August 3, 2026. (*Id.* at 4). Respondent announced that it intends to remove Petitioner to Mexico. (Dkt. No. 8 at 2). The Notice of Intended Removal identifies a final removal order issued on September 24, 1990. (*Id.*; Dkt. No. 8-1). That final removal order does not identify Mexico as the country of removal. (Dkt. No. 8-1). The Notice of Removal served on Petitioner does not identify the legal basis for selecting Mexico; explain what protection procedures are available; solicit a fear response; or provide a deadline for consulting counsel, gathering evidence, or seeking reopening. (Dkt. No. 8-2).

## III. LEGAL STANDARD

Habeas relief extends to those who can show they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although Congress has barred courts from reviewing certain discretionary decisions concerning detention or release of noncitizens subject to removal proceedings, *see* 8 U.S.C. §§ 1226(e), 1252(g), federal courts retain jurisdiction to "review related 'constitutional claims or questions of law.'" *Martinez v. Clark*, 36 F.4th 1219, 1224 (9th Cir. 2022) (quoting *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011)), vacated on

other grounds by ___ U.S. ___, 144 S. Ct. 1339, 218 L.Ed.2d 418 (2024). Petitioner makes such reviewable claims here.

Title 28 U.S.C. § 2243 provides that a Court "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Here, via General Order 26-05, the Court directed Respondent to show cause why the writ should not be granted. (*See* Dkt. No. 4). Pursuant to Section 2243, Respondent was required in the Answer to certify "the true cause of the detention." 28 U.S.C. § 2243.

## IV. DISCUSSION

Rule 15(a)(3) required Respondent to respond to the Amended Petition by September 24, 2026. As it did in response to the District Judge's earlier Order requiring a response to the *ex parte* application for a TRO (Dkt. No. 10), however, Respondent failed to respond at all to the Amended Petition. Respondent seems to have lost any interest or intent to contest this case, including to comply with the requirement that they – as the ones detaining Petitioner – "make a return certifying the true cause of the detention." 28 U.S.C. § 2243.

Local Rule 7-12 provides that "[t]he failure to file any required document … may be deemed consent to the granting or denial of the motion[.]" The Court deems Respondent's failure to file an Answer to the Amended Petition in this case – despite having notice of its obligation to do so and an opportunity to be heard in opposition to the Petition – to be its consent to granting the relief sought in that pleading.

In light of Respondent's concession and after considering the uncontested allegations of the Amended Petition, the Court finds that Petitioner is presently in custody of Respondent in violation of the Constitution or laws or treaties of the United States, as alleged in the Amended Petition.

IT IS THEREFORE ORDERED that

(1) The Petition for Writ of Habeas Corpus is GRANTED;

(2) Respondent is ordered to immediately release Petitioner **Jose Manuel Abadin Perez (A-number 024459628)** under reasonable conditions of supervision;

(3) Respondent is permanently enjoined from re-detaining Petitioner without first providing him constitutionally adequate process and establishing a lawful basis for renewed detention consistent with the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001);

(4) The Court finds that the August 24, 2026 Notice of Removal, standing alone, does not provide Petitioner constitutionally adequate process for removal to Mexico because it does not inform him of the legal basis for the designation, the timing of the proposed removal, or the procedures through which he may seek withholding or CAT protections as to Mexico;

(5) Respondent is permanently enjoined from removing Petitioner to Mexico or another third country not identified in the operative exclusion and deportation order, unless and until Respondent provides constitutionally adequate notice and a meaningful opportunity to consult counsel and

pursue any applicable withholding, CAT, reopening, or other country specific protection before removal;

(6) Respondent shall file within two days of the date of the Court's Order, a status report confirming Petitioner's release;

(7) Any fee motion must be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412, and this Court's Local Rules; the Court retains jurisdiction to adjudicate any such motion or other collateral enforcement issues; and

(8) Judgment shall be entered consistent with this Memorandum Decision and Order.

DATED: October 16, 2026

PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE